# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---
No. 98-51203
Summary Calendar
---

D.C. Docket No. P-98-CV-27

U.S. COURT OF APPEALS
**FILED**
APR 1 0 2000
CHARLES R. FULBRUGE III
CLERK

YSLETA DEL SUR PUEBLO

    Plaintiff - Appellant

v.

EL PASO COUNTY WATER IMPROVEMENT DISTRICT NO 1

    Defendant - Appellee

**FILED**
MAY 0 4 2000
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

---

SOUTHWESTERN BELL TELEPHONE COMPANY

    Not Party

Appeal from the United States District Court for the
Western District of Texas, Pecos.

Before POLITZ, WIENER, and STEWART, Circuit Judges.

## JUDGMENT

This cause came on to be heard on the record on appeal and was taken under submission on the briefs on file.

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged by this Court that the judgment of the District Court in this cause is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: MAY 0 2 2000

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-51203
(Summary Calendar)

U.S. COURT OF APPEALS
FILED
APR 1 0 2000
CHARLES R. FULBRUGE III
CLERK

YSLETA DEL SUR PUEBLO,

                Plaintiff-Appellant,

versus

EL PASO COUNTY WATER IMPROVEMENT
DISTRICT NO. 1,

                Defendant-Appellee.

SOUTHWESTERN BELL TELEPHONE COMPANY,

                Not Party.

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CV-27

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant The Ysleta Del Sur Pueblo ("Pueblo") appeals the district court's dismissal of its complaint against the El Paso County Water Improvement District No. 1 ("District") for lack of jurisdiction. The Pueblo argues that 1) the district court

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in determining that the District is the alter ego of the State of Texas and therefore immune to suit pursuant to the Eleventh Amendment, 2) Congress abrogated the State's Eleventh Amendment immunity in the Indian Non-Intercourse Act, 25 U.S.C. § 177, and 3) the State, by transacting in the Pueblo's lands, constructively waived Eleventh Amendment immunity by engaging in an activity regulated by Congress. Southwestern Bell Telephone Company ("Southwestern Bell") has filed a motion for leave to file an amicus brief out of time, which the District opposes.

We find that Southwestern Bell's motion is untimely, that the issue Southwestern Bell seeks to address has been adequately briefed by the Pueblo and the District, and that granting Southwestern Bell's motion would result in the needless delay of this case's disposition. See Fed. R. App. P. 29. Accordingly, Southwestern Bell's motion is denied.

We have reviewed the record and briefs submitted by the parties and find that the Pueblo's arguments lack merit. See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 119 S. Ct. 2219, 2226 (1999); Ysleta Del Sur Pueblo v. Laney, 199 F.3d 281, 286-88 (5th Cir. 2000); Pillsbury Co., Inc. v. Port of Corpus Christi Authority, 66 F.3d 103, 104 (5th Cir. 1995); Kamani v. Port of Houston Authority, 702 F.2d 612, 613 (5th Cir. 1983).

AFFIRMED.